UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASTILLA ROOFING, INC, a/a/o Allan Thomas,

 Plaintiff,

v.             Case No.:  2:19-cv-613-FtM-38MRM

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

 Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Strike Plaintiff's Claims for Attorney's Fees, filed on August 30, 2019. (Doc. 10). Defendant Hartford Insurance seeks to strike Paragraph 24 of the wherefore clause of Plaintiff's Complaint (Doc. 3) regarding "attorney's fees and costs, and Plaintiff's claim for attorney's fees pursuant to Fla. Stat. § 627.428[.]" (Doc. 10 at 1). Plaintiff Castilla Roofing, Inc., a/a/o Allan Thomas filed a Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Claims for Attorney's Fees on September 17, 2019. (Doc. 19). This matter is ripe for review. For the reasons explained below, the Undersigned respectfully recommends that Defendant's Motion be **DENIED**.

 **I.**  **Background**

On July 23, 2019, Plaintiff initiated this action in Circuit Court of the Twentieth Circuit in and for Collier County and on August 23, 2019, Defendant removed the action to this Court under diversity jurisdiction. (Doc. 1). This case arises under an insurance claim due to property damage as a result of Hurricane Irma. (Doc. 3 at 1-2). Plaintiff filed the lawsuit as an assignee

pursuant to an assignment of benefits contract. (*Id*. at 2, 10; Doc. 10 at 1, Doc. 10-2). Plaintiff alleges Defendant is required to make payment to Plaintiff for services rendered, and by failing to make a complete payment, Defendant breached the policy. (Doc. 3 at 3). Plaintiff includes a prayer for relief in the form of attorney's fees pursuant to Fla. Stat. § 627.428 or Fla. Stat. § 626.9373. (*Id*. at 4).[1]

## II.     Legal Standard

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (second alteration in original) (citing *Augustus v. Board of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 865 (5th Cir. 1962)). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quoting *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

## III.    Discussion

Defendant requests this Court strike paragraph 24 and the portion of the wherefore clause of Plaintiff's Complaint regarding attorney's fees and costs. (Doc. 10 at 1). Defendant contends that Plaintiff's request for attorney's fees is improper because the recent enactment of Fla. Stat. §

---

[1] Fla. Stat. § 626.9373 is modeled after Fla. Stat. § 627.428 and courts apply the two attorney's fee provisions the same way. *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[T]hose sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference.") (citations omitted). Because the two statutes are virtually identical, and the parties focus their arguments on whether Fla. Stat. § 627.428 or the recently enacted Fla. Stat. § 627.7152(10) applies to Plaintiff's claim for attorney's fees, the Undersigned will focus here on Fla. Stat. § 627.428.

2

627.7152(10),[2] repeals an assignee's standing to recover attorney's fees pursuant to Fla. Stat. § 627.428, which formerly was the only means which a party in an assignment of benefits litigation recovered attorney's fees. (*Id*. at 2). Plaintiff argues in response that Fla. Stat. § 627.428 governs attorney's fee in this case because Fla. Stat. § 627.7152 did not apply retroactively. (Doc. 19 at 6).

1. **Effective Date of Fla. Stat. § 627.7152(10)**

The parties fundamentally disagree as to when Fla. Stat. § 627.7152 became effective and what the operative date is for determining whether the new statute or the former law applies here to Plaintiff's demand for attorney's fees. On one hand, Defendant maintains Fla. Stat. 627.7152(10) went into effect on May 24, 2019. (Doc. 19 at 2-3). Defendant cites Florida House Bill 337, which served to accelerate the effective date of Fla Stat. § 627.7152(10), making it effective "upon becoming law." (Doc. 19 at 3). House Bill 337 was signed into law May 24, 2019; therefore, Defendant maintains Fla. Stat. § 627.7152(10) became effective on May 24, 2019. (*Id*.). Defendant contends because Plaintiff filed this action on July 16, 2019, after Fla. Stat. § 627.7152(10) was in effect, Plaintiff's request for attorney's fees under Fla. Stat. § 627.428 should be stricken. (*Id*. at 2-3).

On the other hand, Plaintiff appears to argue that the effective date of Fla. Stat. § 627.7152(10) is July 1, 2019, because that is the date specifically set forth in § 627.7152(13) as the effective date of § 627.7152. (Doc. 19 at 2). Plaintiff correctly points out that Fla. Stat. § 627.7152(13), as enacted, clearly states, "[t]his section applies to an assignment agreement

---

[2] Section 627.7152(10) provides, "Notwithstanding any other provision of law, in a suit related to an assignment agreement for post-loss claims arising under a residential or commercial property insurance policy, attorney fees and costs may be recovered by an assignee only under s. 57.105." Fla. Stat. § 627.7152(10).

executed on or after July 1, 2019." (*Id*. at 2-3). Plaintiff further contends that the Florida Legislature did not intend for the statute to become effective retroactively, and, further, the retroactive application would not be constitutionally permissible. (*Id*. at 5-6).

The Undersigned notes that the enactment of Fla. Stat. § 627.7152 served to reform the use of assignments in Florida's property insurance market. Subsection 13 of the statute expressly provides, "this section applies to an assignment agreement executed on or after July 1, 2019." Fla. Stat. § 627.7152(13). However, on May 24, 2019, Governor DeSantis signed Florida House Bill 337 into law, which expressly accelerated the effective date of the attorney's fees provisions at issue here. (*See* Doc. 10-4). House Bill 337 provides: "Notwithstanding subsection 13 of section 627.7152, as created by HB 7065, 2019 Regular Session, subsection (10) of that section is effective upon becoming a law." (Ch. 2019-58 § 23, at 28, Laws of Fla; *see also* Doc. 10-4 at 1; Doc. 10-5 at 5). Section 627.7152 became law when it was signed by Florida's Governor on May 24, 2019. Indeed, at least one federal trial court in Florida has acknowledged that the effective date of § 627.7152(10) is May 24, 2019. *See JPJ Cos, LLC v. Hartford Ins. Co. of the Midwest*, No. 9:19-cv-81696, 2020 WL 264673, at *1 (S.D. Fla. Jan. 17, 2020). The Undersigned agrees and finds here that May 24, 2019 is the date that Fla. Stat. § 627.7152(10) became effective. For the reasons set forth below, however, this conclusion does not necessitate striking Plaintiff's demand for attorney's fees.

## 2. Relevant Date for the Application of Fla. Stat. § 627.7152(10)

Defendant contends the relevant date for Fla. Stat. § 627.7152(10) to apply is the date the action is filed. (*See* Doc. 10 at 3). Therefore, Defendant argues Plaintiff is precluded from asserting attorney's fees under Fla. Stat. § 627.428, because Plaintiff filed this action on July 16, 2019, after Fla. Stat. § 627.7152 had already become effective on May 24, 2019. (*See id*.).

The Undersigned disagrees.  Defendant cites no law in support of its argument that the operative date to consider is the date the litigation commenced and, further, the plain language of Fla. Stat. § 627.7152 does not support Defendant's argument.  *See* Fla. Stat. § 627.7152.

In contrast, Plaintiff focuses its argument around the date the assignment agreement was entered into, *i.e.*, April 30, 2019.  (Doc. 19 at 6).  If Plaintiff's argument is correct, any assignment agreement entered into before May 24, 2019, would be governed by Fla. Stat. § 627.428, and any assignment agreement entered into on or after May 24, 2019, would be governed by Fla. Stat. § 627.7152.  The Undersigned finds Plaintiff's argument more persuasive because Fla. Stat. § 627.7152 explicitly applies to assignment agreements between an insured and an assignee.  *See* Fla. Stat. § 627.7152.  In other words, the statue only applies if an assignment agreement exists.  *See id.*  Thus, the statute itself strongly suggests by its plain language that the date of the assignment agreement controls.

In an almost identical case, however, a federal trial court in Florida held in *JPJ Cos, LLC v. Hartford Ins. Co. of the Midwest*, that the operative date is the date the insurance policy was issued, not the date the suit was filed as Defendant here contends, and not the date the assignment agreement was entered into, as Plaintiff here contends.  *See* 2020 WL 264673, at *1. In *JPJ*, the Defendant similarly argued that the enactment of Fla. Stat. § 627.7152(10) precluded Plaintiff from bringing a claim for attorney's fees under Fla. Stat. § 627.428.  *Id*.  The Plaintiff conceded that Fla. Stat. § 627.7152(10) became effective May 24, 2019, but argued that the enactment did not impact the ability to make its claim for attorney's fees because the statutory change did not apply retroactively to insurance policies *issued* before the change.  *Id*.  The trial court agreed with Plaintiff and noted that according to Florida law a substantive statutory change could not be applied retroactively to insurance policies issued before the effective date of

5

change.  *Id*. (citing *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 875-80 (Fla. 2010) (finding that the relevant date in an insurance dispute between the insured and the insurer is the date that the policy was issued, not the date that the suit was filed).  The court in *JPJ* explained, "[e]ven if the Legislature expressly provided for retroactive application, a court must reject such an application if the statute impairs a vested right, creates a new obligation, imposes a new penalty, or attaches new legal consequences to events completed before the statutory enactment." *Id*. (internal citations removed).  Based on this analysis, the court in *JPJ* concluded Fla. Stat. § 627.7152 did not reflect an intent by the Florida Legislature for Subsection 10 to apply retroactively.  *Id*.  The court noted even had the Legislature intended a retroactive application, a statutory change that limited the right to attorney's fees, a substantive right, did not apply retroactively because the policy had been issued before the effective date of change.  *Id*. at *2. Under the court's ruling in *JPJ*, any *issuance of an insurance policy* that predates May 24, 2019, would be governed by Fla. Stat. § 627.428.  *See id*.

The Undersigned finds and recommends that this Court need not resolve the issue of whether the relevant date for purposes of Fla. Stat. § 627.7152(10) is the date the policy was issued or the date the assignment agreement was entered into.  In this case, whether the Court presumes the operative date is the issuance of the policy or the date the assignment agreement was entered into, both dates precede May 24, 2019, the date Fla. Stat. § 627.7152 became effective.  Defendant alleges the insurance policy was effective from March 30, 2016 through March 30, 2017.  (Doc. 9 at 1).  Therefore, the issuance of the policy certainly predated May 24, 2019, and thereby satisfies the inquiry in *JPJ*.  Likewise, the date the assignment agreement was entered into, April 30, 2019, also predates May 24, 2019.  (*See* Doc. 9 at 6; Doc. 3 at 7). Therefore, whether the relevant date is the date the policy was issued or that date the assignment

6

agreement was entered into, any claim for attorney's fees in this case is still unquestionably governed by Fla. Stat. § 627.428.  Therefore, the Undersigned cannot recommend Plaintiff's claims for attorney's fees be stricken because the Undersigned finds the Plaintiff's claims are not redundant, immaterial, impertinent, or scandalous for the reasons urged by Defendant.  *See* Fed. R. Civ. P. 12(f).

### IV. Conclusion

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendant, Hartford Insurance Company of the Midwest's Motion to Strike Plaintiff's Claims for Attorney's Fees (Doc. 10) be **DENIED**.

Respectfully recommended in Chambers in Fort Myers, Florida on January 30, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

8